UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KATHRYN E. MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:20-cv-00490-SLC |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| sued as Martin O'Malley,[1] ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff Kathryn E. Mitchell brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (ECF 1). On November 17, 2021, pursuant to an unopposed motion by the Commissioner, the Court remanded the case to the Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and entered a judgment in Mitchell's favor. (ECF 20 to 22).

Mitchell's attorney, Ann Trzynka ("Counsel"), now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $30, 278, less $10,500 in attorney fees previously awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, resulting in a net payment of $19,778 from Mitchell's past-due benefits for Counsel's representation of Mitchell in federal court. (ECF 27 to 29). The Commissioner filed a response indicating that he has no objection to the requested fee award. (ECF 30). Therefore, the motion is now ripe for ruling.

For the following reasons, the motion for attorney fees will be GRANTED.

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023, and thus, pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted for Andrew Saul in this case. *See Melissa R. v. O'Malley,* No. 1:22-cv-02404-TAB-TWP, 2023 WL 8866397, at *1 n.1 (S.D. Ind. Dec. 22, 2023).

*A. Factual and Procedural Background*

On December 18, 2020, Counsel entered into a fee agreement with Mitchell for her representation of Mitchell in federal court, in which Mitchell agreed to pay Counsel 25 percent of any past-due benefits awarded to Mitchell and her family. (ECF 28-1 at 2-3).[2] On December 27, 2020, Mitchell, via Counsel, filed the instant action in this Court, appealing the Commissioner's denial of her application for disability benefits. (ECF 1). As stated earlier, the Court entered a judgment in Mitchell's favor and remanded the case on November 17, 2021. (ECF 21, 22).

On December 4, 2021, Counsel filed a request for attorney fees under the EAJA in the amount of $10,692.60, together with supporting materials, for the 50.2 hours she spent advocating Mitchell's claim in federal court. (ECF 23, 23-1, 24, 24-1 to 24-3). On December 17, 2021, the Commissioner filed a joint stipulation by the parties to an EAJA award in the amount of $10,500. (ECF 25). The Court granted the motion, as modified by the stipulation, and awarded Mitchell $10,500 in EAJA fees. (ECF 26).

On November 5, 2023, the Commissioner sent Mitchell a notice of award, stating that she was found disabled as of March 31, 2018, and entitled to monthly disability benefits beginning September 2018. (ECF 28-1 at 4-5). The Commissioner also informed Mitchell that she was entitled to $121,115.90 in past-due benefits, but that the Commissioner withheld 25 percent of that amount, $30,278.98, to pay Mitchell's attorneys. (*Id.* at 7). The Commissioner further relayed that she had already distributed $7,200 of the withheld past-due benefits to the attorneys who represented Mitchell at the administrative level, leaving a remaining balance of $23,078.98

---

[2] The most common fee arrangement between attorneys and Social Security claimants is the contingent fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

2

in withheld past-due benefits. (*Id*.).

On December 6, 2023, Counsel filed the instant motion, together with a supporting memorandum and documents, seeking the Court's approval of a § 406(b) award in the amount of $30,278, less $10,500 in EAJA fees previously awarded, resulting in a net payment of $19,778 from Mitchell's withheld past-due benefits for the 50.2 hours she spent advocating Mitchell's appeal in federal court. (ECF 27, 28, 28-1). On December 12, 2023, Mitchell filed an acknowledgment stating that she had received a copy of the motion for § 406(b) fees and consents to the requested fee award. (ECF 29).

### *B. Legal Standard*

Fees for representing Social Security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793-94. Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court. *Id*. Unlike fees obtained under the EAJA, the fees awarded under § 406 are charged against the claimant, not the government. *Id*. at 796.[3]

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his or her representation at the administrative level. *Gisbrecht*, 535 U.S. at 794-95; 20 C.F.R. §§ 404.1725(a), 416.1525(a).[4] Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the

---

[3] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

[4] There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 795.

past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795.[5] This 25 percent cap applies only to fees for court representation and not to the aggregate fees awarded under §§ 406(a) and (b). *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2018). "[A] petition for fees under § 406(b)(1) must be brought within a reasonable time." *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987).

Section § 406(b) has been harmonized with the EAJA. *Gisbrecht*, 535 U.S. at 796. Although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee that the attorney received, as an EAJA award "offsets" an award under § 406(b). *Id.*

Unlike the award by the Commissioner under § 406(a), the Court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *Id.* at 808-09. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved.

*Id.* at 807-08 (citations and footnotes omitted).

### *C. Analysis*

The Court is charged with determining whether Counsel's requested fee (prior to subtracting the EAJA award) of $30,278 under the fee agreement and § 406(b) is "a reasonable

---

[5] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A); see *Janet H. v. Saul*, No. 1:19-cv-00939-DLP-JRS, 2020 WL 6946471, at *2 (S.D. Ind. Nov. 25, 2020) ("*Gisbrecht* and its ensuing cases advise that courts should start the analysis with the Plaintiff and counsel's contingency fee agreement."). The notice of benefits from the Commissioner indicates that Mitchell was awarded $112.115.90 in past-due benefits. (ECF 28-1 at 7). As such, the fee amount that Counsel requests, $30,278, does not exceed 25 percent of Mitchell's past-due benefits. *See Janet H.*, 2020 WL 6946471, at *2 (finding at the outset that the attorney's fee request fell "well beneath the amount authorized by the Plaintiff's duly signed contingent fee agreement and the amount authorized by § 406(b)").

Counsel contends that the requested fee award of $30,278 is reasonable for the 50.2 hours she spent representing Mitchell in federal court. (ECF 28 at 4-5). It is obvious that Counsel obtained a good result for Mitchell, as the Commissioner ultimately found her disabled and awarded her disability benefits. *See Gisbrecht*, 535 U.S. at 808 (acknowledging that courts consider in § 406(b) fee requests the character of the representation and the results the representative achieved). In doing so, Counsel did not request any extensions of time and thus did not contribute to any delay of the case. *See id.* (considering any extensions requested by the attorney in an effort to assess whether the attorney created an unreasonable delay that would contribute to the attorney's profit from the accumulation of the claimant's past benefits); *Lopes v. Saul*, No. 3:17-CV-221-RLM-MGG, 2019 WL 5617044, at *1 (N.D. Ind. Oct. 31, 2019) (considering that "[n]othing in the record suggests [the plaintiff's counsel] . . . caused any delay in the adjudication of [the plaintiff's] case" when granting a motion for § 406(b) fees).

The risk of loss the attorney assumes in representing the plaintiff is another factor some courts consider when assessing the reasonableness of the requested fee. "[T]here is a great risk of

5

loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a de novo standard. The risk of loss is also greater in social security cases because there are no settlements." *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002); *see Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) ("The attorneys assumed significant risk in accepting these [Social Security] cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases."). Indeed, it is "widely recognized . . . that recovery under contingency fee agreements serves to offset an attorney's losing cases, . . . [which] is especially significant in the context of Social Security cases where the risk of loss is high and cases potentially stretch out over long periods of time." *Janet H.*, 2020 WL 6946471, at *4 (collecting cases).

Further, Counsel's requested fee of $30,278 divided by the 50.2 hours she spent on the case in federal court equates to an effective rate of about $603 per hour, which is within the range of past awards approved by this Court. *See, e.g. Rorick v. Colvin*, No. 1:11-CV-00037, 2014 WL 3928488 (N.D. Ind. Aug. 12, 2014) (awarding fee equating to $653.79 per hour); *Harris v. Colvin*, No. 1:11-CV-00405, 2014 WL 3899312 (N.D. Ind. Aug. 11, 2014) (awarding fee equating to $647.61 per hour); *Duke v. Astrue*, No. 1:07-CV-00188, 2010 WL 3522572 (N.D. Ind. Aug. 30, 2010) (awarding fee equating to $549.14 per hour).[6]

---

[6] While the Supreme Court in *Gisbrecht* rejected the lodestar approach (which incorporates consideration of a reasonable hourly rate for an attorney) as a starting point to determine the reasonableness of a fee request under § 406(b), *see Gisbrecht*, 535 U.S. at 802, 808, certain aspects of a lodestar approach remain in the calculus, *Brannen v. Barnhart*, No. 1:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004). As a result, "[d]istrict courts are left to determine how much of the lodestar approach is still viable." *Brannen*, 2004 WL 1737443, at *5; *see Jeter v. Astrue*, 622 F.3d 371, 381 (5th Cir. 2010) ("[D]istrict courts may consider the lodestar method in determining the reasonableness of a § 406(b) fee, but the lodestar calculation alone cannot constitute *the* basis for an 'unreasonable' finding.").

Therefore, the Court will grant Counsel's motion and authorize a § 406(b) fee award of $30,278, less $10,500 in EAJA fees previously awarded, resulting in a net fee award to Counsel of $19,778.

### D. Conclusion

For the foregoing reasons, Counsel's motion for authorization of attorney fees pursuant to § 406(b) (ECF 27) is GRANTED in the amount of $30,278, less $10,500 in EAJA fees previously awarded, resulting in a net fee award to Counsel of $19,778. The Commissioner shall disburse to the Law Office of Ann Trzynka, LLC, $19,778 out of Mitchell's withheld past-due benefits and release any remaining withheld benefits to Mitchell. Counsel is allowed to retain the $10,500 in EAJA fees previously awarded.

SO ORDERED.

Entered this 22nd day of January 2024.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge